# City of Johnstown v. Rose.

The Court of Common Pleas has no jurisdiction to review the action of a Mayor of the city upon an appeal from a conviction of the defendant for violation of an ordinance.

As a general rule the character of the proceedings is determined by the process issued by the Magistrate who takes cognizance of the offense against a municipal ordinance. If the proceedings founded upon an information charging the violation of an ordinance, for the breach of which fine or imprisonment is imposed, a warrant issues upon the information, defendant is arrested and held to answer the charge contained in the information, a hearing is had if demanded, and if the evidence warrants, the defendant is convicted, costs and fines imposed upon him, and imprisonment in the event of his failure to comply with the finding of the Mayor or Magistrate. There is no longer any question but that such a proceeding is a summary conviction over which the Court of Quarter Sessions alone has jurisdiction upon the appeal.

In cases where a summons is issued and a proceeding is had by the municipality for the recovery of a fine imposed by a Borough Ordinance, the action is in the nature of a civil proceeding for the recovery of a debt, and the Quarter Sessions has no jurisdiction upon an appeal.

JURISDICTION OF C. P. AND Q. S. DISTINGUISHED—SUMMARY
CONVICTION—CITY ORDINANCES.

No. 349, March Term, 1902, C. P. of Cambria County.

C. C. Greer, Esq., Solicitor for City of Johnstown.

Harry Doerr, Esq., for Appellant.

Opinion by O'CONNOR, J., May 11, 1903.

This was an action brought by the City of Johnstown vs. Jacob H. Rose for the violation of the city ordinance, resulting in the conviction of the defendant before the Mayor of the City of Johnstown, whereby the fine and costs were imposed on the defendant.

## OPINION:

Jacob H. Rose was convicted for the violation of a peace ordinance of the City of Johnstown, a city of the third class. The conviction was had before the Mayor of the city, and a fine and costs were imposed on the defendant. A petition was pre- sented to the Judge of the Court of Common Pleas of this coun- ty and an appeal allowed. No evidence of any sort was pre- sented to the Court, no diminution of the record alleged, and the case so far as its merits are concerned, comes before us upon the record alone. Upon the face of the record we are quite clear that the proceedings had before the Mayor could not be sustained. The counsel for appellee, however, raises the ques- tion of jurisdiction and contends that the Court of Common Pleas has no jurisdiction to review the action of the Mayor of the City of Johnstown upon an appeal from a conviction of the de- fendant for violation of a city ordinance. Without going into detail we are satisfied of the correctness of this position. As a general rule, the character of the proceeding is determined by the process issued by the Magistrate who takes cognizance of an offense against a municipal ordinance. If the proceedings found- ed upon information charging the violation of an ordinance, for the breach of which fine or an imprisonment is imposed, a warrant issues upon the information, defendant is arrested, and held to answer the charge contained in the information, a hear- ing is had, if demanded, and if the evidence warrants, the de- fendant is convicted, costs and fines imposed upon him, and im- prisonment in the event of his failure to comply with the finding of the Mayor or Magistrate. There is no longer any question but that such a proceeding is a summary conviction over which the Court of Quarter Sessions alone has jurisdiction upon an appeal. The same may be said of such cases where the arrest was made on view of the officer instead of upon warrant.

In cases where a summons is issued and a proceeding is had by the municipality for the recovery of a fine imposed by a borough ordinance, the action is in the nature of a civil pro-

ceeding for the recovery of a debt and the Quarter Sessions has no jurisdiction upon an appeal.

We have in the foregoing lines stated the general rule and we find that rule recognized in the Act of Assembly approved May 23, 1899, providing for the incorporation and government of cities of the third class, in Section "8," Article "VI," from which we quote: "warrants shall be returnable forthwith, and every summons shall be returnable in not less than five nor more than eight days from the date thereof, and upon such return, the like proceedings shall be had in all cases as are or may be directed by law in relation to summary conviction or proceedings for the recovery of penalties before Justices of the Peace, and with the same right of appeal from any final judgment entered therein."

In addition to the Act, City Councils, in Section "1" of General Ordinance No. "3," direct the proceedings before the Mayor to be by summary conviction. There is no question in the mind of this Court concerning jurisdiction on appeals from convictions by Mayor or Magistrates for violation of city ordinances of the City of Johnstown. If those proceedings are begun by information, warrant and arrest, or by arrest upon view, and carried to a conviction before a Mayor or Magistrate, the appeal lies in the Quarter Sessions and not in the Common Pleas. The record disclosing sufficient to bring the case at Bar within the rule stated, this Court has no jurisdiction to pass upon its merits as disclosed by the record or to take action other than that dismissing the appeal.

And now, May 11th, 1903, appeal dismissed at cost of the appellant.

Reported by S. L. Reed, Esq.,
Ebensburg, Pa.